■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TOM REYNOLDS, Appellant.— Appeal from a judgment of the County Court of Ulster County upon a verdict convicting the defendant of violation of section 220.35 of the Penal Law, criminally selling a dangerous drug in the second degree (5 counts), violation of section 220.15 of the Penal Law, criminal possession of a dangerous drug in the second degree (5 counts), and violation of section 220.05 of the Penal Law, criminal possession of a dangerous drug in the fourth degree (5 counts). The appellant appeals the court's denial of his motion to dismiss for failure to prosecute, denial of an adjournment so that he could retain new counsel, denial of his motion to dismiss because of the insufficient opening statement by the District Attorney, and a similar motion to dismiss because of improper remarks by the District Attorney during the course of trial and summation. The defendant was indicted on August 21, 1969 on charges resulting from an investigation by an undercover police officer. The case was not set down for trial until March 15, 1971. The prosecution has the burden of showing good cause for this delay in bringing the indictment to trial. (Code Crim. Pro., § 668; *People* v. *Prosser,* 309 N. Y.

353, 358.) Whether or not there was undue delay is to be decided in the discretion of the trial court. It depends upon all circumstances of the particular case. (*People* v. *Alfonso*, 6 N Y 2d 225, 229; *People* v. *Abbatiello*, 30 A D 2d 11, 15.) The motion to dismiss for failure to prosecute was properly denied. The delay was occasioned by the defendant's request for adjournment in the spring of 1970, because the prosecution's chief and only fact witness, the undercover police officer, suffered from a recurring back injury in March, 1970 which required surgery in June of 1970 and again in December, 1970 and was followed by an attack of toxic hepatitis, and because there were older jail cases with priority over appellant's case. During the time between his arrest and trial, the defendant was released on bail. The motion for continuance for the purpose of retaining new counsel was made on April 26, 1971 at the time when the parties were scheduled to start selection of the jury. The case was ordered for trial on March 15, 1971. On April 19, 1971 defendant moved to dismiss for failure to prosecute and was represented by his retained counsel at that hearing. When the trial was scheduled to begin April 26, the appellant moved for a continuance and the trial court denied it, telling the defendant he could change counsel if he chose, but the jury would be selected that day and, assuming completion of the jury, the case would proceed to trial the following day. Under these circumstances, the defendant elected to continue with his then counsel. Appellant is entitled to a reasonable time to prepare for trial with his counsel's assistance but he had over a month's notice that the indictment was to be moved. He went through a dismissal proceeding with his attorney on April 19 and, by his own admission, he made no effort to secure new counsel until two days before the case was scheduled for trial. The right to counsel does not include the right to delay. (*People* v. *Bostic*, 34 A D 2d 597; *People* v. *Mooney*, 18 A D 2d 1112, 1113, cert. den. 375 U. S. 887.) The cases cited by the defendant are distinguishable in that they involve fact situations in which the court either appointed an attorney for the defendant over defendant's objection (*People* v. *McLaughlin*, 291 N. Y. 480; *People* v. *Walker*, 29 A D 2d 973; *People* v. *Di Salvo*, 19 A D 2d 747) or refused newly assigned counsel time to prepare for trial (*People* v. *Green*, 19 A D 2d 749). The District Attorney's opening was brief but sufficient under all the circumstances. (Code Crim. Pro., § 388; *People* v. *Wade*, 35 A D 2d 401.) The District Attorney's references to the defendant as a "dealer" and similar remarks were improper but were not sufficiently prejudicial to require a new trial in view of the fact that defendant was charged with five separate counts of selling (cf. *People* v. *Smith*, 26 N Y 2d 913; *People* v. *Chance*, 37 A D 2d 572, where defendants were charged only with illegal possession). Judgment affirmed. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Kane, JJ., concur.