■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARSHALL DAVID CROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 28, 1974, convicting him of criminal possession of a forged instrument in the second degree (three counts), criminal possession of stolen property in the first degree and criminal possession of stolen property in the second degree (two counts), upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of criminal possession of a forged instrument in the second degree pursuant to the second count of the indictment, and criminal possession of stolen property in the second degree pursuant to the

fifth count of the indictment, and the sentences imposed thereon, and the two said counts are dismissed. As so modified, judgment affirmed. Appellant was convicted after a trial during which he was absent. At the outset of the trial appellant requested a continuance so that he could replace his court-appointed attorney. The trial court did not abuse its discretion in rejecting that request. Appellant had already been represented by his court-appointed attorney at a suppression hearing the previous day and, at the time of his application, a jury had already been selected. Appellant had had at least three months within which he could have replaced his attorney; he could not wait until the last possible minute to attempt to do so. He did not offer a reason for the replacement of his attorney; nor did he indicate that his requested counsel was willing to represent him or proceed with the case. When appellant continually disrupted his trial, he was properly removed from the courtroom (see CPL 260.20); his removal and his continued refusal to aid his attorney was not a denial of the effective assistance of counsel. Appellant was given every opportunity to speak with his attorney; his refusal to do so was his own fault. Two of the six counts must be dismissed because appellant had previously been convicted, upon his guilty plea, of petit larceny with regard to the stolen credit card which, according to the second and fifth counts, he criminally possessed (see CPL 40.10). Rabin, Acting P. J., Hopkins, Latham, Margett and Christ, JJ., concur.