■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. D, Appellant.—Appeal from a judgment of the Albany County Court, rendered December 1, 1976, which adjudged appellant a youthful offender. As a result

of a June 12, 1976 fist fight in the course of appellant's arrest for a traffic infraction, appellant was indicted on June 24, 1976 for assault in the second degree (Penal Law, § 120.05, subd 3) and resisting arrest (Penal Law, § 205.30). After negotiations between his retained counsel and the District Attorney, the 18-year-old appellant appeared in Albany County Court on November 8, 1976 to plead guilty to the assault charge in satisfaction of the indictment. However, the court, upon questioning appellant, discovered that he denied any fault in the fight, and accordingly the court refused to accept the guilty plea. The court told defense counsel, in the presence of appellant and appellant's father, that "this case is going to be tried within a few days. This happens to be one of the top cases on the list. You will be contacted by the District Attorney's Office." The trial was set for November 16. On that date the appellant, appearing with his original counsel, moved for an adjournment to obtain new counsel. Appellant was dissatisfied with his counsel's efforts to find impartial witnesses to the arrest incident. The court denied the motion on the ground appellant had had ample time both to find any prospective witnesses and to determine the effectiveness of his retained counsel. Appellant had the right to counsel of his choice, but not the right to unreasonably delay the trial *(People v DeChiaro, 48 AD2d 54, 57, cert den 423 US 894; People v Reynolds, 39 AD2d 812)*. The People were ready to begin their case on November 16 and defense counsel thought himself prepared as well. Appellant, by his own admission, made the decision to change counsel on the evening before the trial was set to begin. Since there is absent from this record any specification of what witnesses defense counsel failed to pursue or any other specific allegation of misfeasance, we will not upset the Trial Judge's determination that the adjournment request was unreasonable. After conviction on both charges, appellant was accorded youthful offender status and sentenced to concurrent indeterminate terms of four years and one year. This sentence is authorized by the statute (Penal Law, § 60.02) and was not an abuse of discretion *(People v Finke, 51 AD2d 1089; People v Caputo, 13 AD2d 861)*. Judgment affirmed. Sweeney, J. P., Kane, Mahoney, Mikoll and Herlihy, JJ., concur.