OPINION OF THE COURT
Jasen, J.
On this appeal, the sole issue presented for our determination is whether the trial court’s denial of a motion to grant newly retained counsel an adjournment to enable him to prepare for trial deprived defendant of his constitutionally guaranteed right to be defended at trial by counsel of his own choosing.
The facts relevant to this appeal are as follows: Defendant was arrested on September 9, 1974 and charged, in a 12-count indictment, with various offenses arising out of the sale and possession of marihuana and cocaine on three separate occasions. On September 11, 1974, an attorney was assigned to represent defendant pursuant to article 18-B of the County Law. Some two months later, defendant requested that assigned counsel be relieved and new counsel assigned. This request was denied.
Although the record reveals that assigned counsel represented defendant in a most diligent and conscientious manner, defendant remained persistent in his efforts to obtain , newly assigned counsel. Each subsequent request to relieve assigned counsel and to substitute newly assigned counsel was denied,[1] and after the completion of various pretrial proceedings, the parties were advised to be ready to proceed to trial on September 23, 1975.
*268 On September 23, 1975, while the jury panel was assembled for preliminary instructions, one Frank Bress, an attorney with the New York University Criminal Law Clinic, appeared and advised the court that defendant had written him a letter in early April, 1975 "seeking my assistance in his defense.”[2] Mr. Bress explained that he responded to defendant by letter dated April 10, in which he advised defendant that "if [defendant] gave me a bit more information about his case; adjourned date and brief description of the case, that I would investigate the situation and probably represent him.”
Mr. Bress explained further that it had come to his attention that the letter he sent to defendant "was held by the Department of Corrections until September 19, four days ago” when it was given to defendant, who immediately responded by letter to Mr. Bress apprising him of the situation. Mr. Bress stated that he received the letter that very morning, and "tracked down the court clerk and found out the status and I am here to tell the Court I will appear as counsel for the defendant.”
The following colloquy ensued between Mr. Bress and the court:
"THE COURT: We started this trial, counsel.
"MR. BRESS: I understand. What the defendant discussed with me in the pen and in his letter, he told me he was dissatisfied with counsel then representing him and was attempting to have counsel [relieved] and new counsel appointed. I think that there is probably a comedy of errors. The letter held by the Department of Corrections and not being directed toward [defendant] earlier.
"THE COURT: Is it that you want to try the case? Do you want to sit in?
"MR. BRESS: I will try the case. I think it would be unreasonable to ask me to try the case this morning.
"THE COURT: I’m sorry, counsel.
"MR. BRESS: I think that it appears the defendant’s Constitutional Right to representation by counsel of his own choice has apparently been violated in part by the Department of Correction in not forwarding my letter to him. Had that letter *269 been forwarded I would have been installed as counsel much earlier and been ready to try the case.
"THE COURT: You wrote to him saying you want more information and perhaps you might represent him.
"MR. BRESS: Yes.
"THE COURT: You never did come in and sign a slip of paper saying that you in fact represent this defendant the first time.
"MR. BRESS: I never did.
"THE COURT: I am not about to interrupt this trial which has already commenced to permit you to make an application for any kind of adjournment.
* * *
"THE COURT: Do you want to try the case?
"MR. BRESS: Yes.
"THE COURT: I will substitute you right now in [assigned counsel’s] place and you can sit there and proceed with the selection of the jury.
"MR. BRESS: I think you are aware that would probably be less than good representation than he already has.
"THE COURT: What is your application?
"MR. BRESS: My application is for a delay of the trial to allow me sufficient time to prepare myself to try it.
"THE COURT: Your application is denied.”
Thereafter, the case was tried — defendant being represented by assigned counsel — and the jury returned a verdict finding defendant guilty of two counts of criminal sale of controlled substances in the first degree. Defendant was sentenced to concurrent terms of 15 years to life.
On appeal, a divided Appellate Division affirmed the judgment of conviction. That court ruled, in essence, that under the particular facts of this case, the trial court did not abuse its discretion in denying Mr. Bress’ application for a trial adjournment so as to deprive defendant of his right to defend by counsel of his own choosing. The order of the Appellate Division should be modified, and the case remitted to Supreme Court, New York County, for an evidentiary hearing on the issue whether the Department of Correction obstructed defendant’s efforts to secure counsel of his own choosing by delaying delivery to defendant of the letter from *270 Attorney Bress, dated April 10, 1975, until September 19, 1975.
It is certainly well established that the right to counsel, guaranteed by both the Federal and State Constitutions (US Const, 6th Amdt; NY Const, art I, § 6), embraces the right of a criminal defendant to be represented by counsel of his own choosing. (Chandler v Fretag, 348 US 3, 9; Powell v Alabama, 287 US 45, 53; People v Hannigan, 7 NY2d 317, 318; People v McLaughlin, 291 NY 480, 482; People v Price, 262 NY 410, 412.) As a necessary corollary to this right, a defendant must be accorded a reasonable opportunity to select and retain his counsel. (See Chandler v Fretag, 348 US, at pp 9-10, supra; United States v Bragan, 499 F2d 1376, 1379.)
This constitutional guarantee ensuring the right of a defendant to be represented at trial by counsel of his own choosing serves many critical needs. Paramount among these considerations is the need for a defendant to be willing to confide freely and fully in his attorney so that the channels of communication and advice between counsel and his client may remain free-flowing and unobstructed. Mutual co-operation between defendant and counsel is often times a critical prerequisite to effective legal representation, and an atmosphere of trust and respect can best be obtained if a defendant’s choice of counsel is honored. (Cf. Baird v Koerner, 279 F2d 623, 629-630.)
In addition, the accused is more likely to harbor a feeling that his presumed innocence and individual rights were scrupulously protected at trial. By granting a defendant a reasonable opportunity to retain counsel of his own choosing, individual rights are honored and the ultimate public concern at any criminal trial — the need to discern the truth — is best effectuated. (See, generally, Comment, An Examination of the Sixth Amendment Right to Choose Retained Counsel, 60 Iowa L Rev 328, 331-332.)
The courts of this State have remained vigilant in their duty to ensure that a defendant’s right to retain counsel of his own choosing is protected. Thus, it has been held to be reversible error where a court does not honor a defendant’s timely request to retain counsel (see, e.g., People v McLaughlin, 291 NY 480, supra; People v Walker, 29 AD2d 973; People v Faracey, 46 Misc 2d 46), or where a court proceeds with the trial, the taking of a guilty plea, or sentencing in the absence of the defendant’s retained counsel, even though an attorney has been assigned to represent the defendant’s inter *271 ests (see, e.g., People v Fitch, 25 AD2d 783; People v Gordon, 262 App Div 534; People v Di Salvo, 19 AD2d 747; People v Iacona, 44 Misc 2d 573). In short, courts must remain sensitive to the benefits which both the defendant and the legal process itself derive from permitting the criminally accused to obtain counsel of his own choosing, and should undertake the steps reasonably required to ensure that the defendant’s right to retain counsel is honored.
Although a defendant has the constitutionally guaranteed right to be defended by counsel of his own choosing, this right is qualified in the sense that a defendant may not employ such right as a means to delay judicial proceedings. The efficient administration of the criminal justice system is a critical concern to society as a whole, and unnecessary adjournments for the purpose of permitting a defendant to retain different counsel will disrupt court dockets, interfere with the right of other criminal defendants to a speedy trial, and inconvenience witnesses, jurors and opposing counsel. While it has been stated that "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality” (Ungar v Sarafite, 376 US 575, 589), it is equally true that the constitutional right to defend by counsel of one’s own choosing does not bestow upon a criminal defendant the absolute right to demand that his trial be delayed while he selects another attorney to represent him at trial. (See, e.g., United States v Bragan, 499 F2d 1376, 1379, supra.) Whether a continuance should be granted is largely within the discretion of the Trial Judge (see, e.g., People v Crown, 51 AD2d 588; People v Gordon, 262 App Div 534, supra; cf. People v Singleton, 41 NY2d 402, 405), and the question whether a defendant has been denied his right to retain counsel of his own choosing can only be answered by examining the particular facts of each case.
It can be said, however, that absent exigent or compelling circumstances, a court may, in the exercise of its discretion, deny a defendant’s request to substitute counsel made on the eve of or during trial if the defendant has been accorded a reasonable opportunity to retain counsel of his own choosing before that time. (See People v Crown, 51 AD2d 588, supra; People v Reynolds, 39 AD2d 812; cf. People v Medina, 44 NY2d 199.) At this point, public policy considerations against delay become even stronger, and it is incumbent upon the *272 defendant to demonstrate that the requested adjournment has been necessitated by forces beyond his control and is not simply a dilatory tactic.
On the record now before us, however, we are unable to ascertain whether the denial of the request for an adjournment was a proper exercise of the Trial Judge’s discretion. In determining whether the denial was justified, we must look to the reasonableness of the trial court’s decision in light of all the existing circumstances. One such circumstance in this case is whether the Department of Correction obstructed defendant’s efforts to secure counsel of his own choosing by delaying delivery to defendant of the letter from Attorney Bress, dated April 10, 1975, until September 19, 1975. Inasmuch as we consider the answer to this inquiry critical to the correct disposition of this appeal, an evidentiary hearing on this issue is required.
If, in fact, the delay was attributable to the Department of Correction, it would follow that the department obstructed defendant’s timely efforts to secure counsel of his own choosing and, therefore, defendant would be entitled to a new trial. Attorney Bress stated that defendant attempted to retain his services several months before the trial date and, further, Attorney Bress expressed, in clear and unequivocal terms, his willingness to represent defendant.[3] The excuse offered by Attorney Bress for his delay in appearing on defendant’s behalf, if credited, would have justified the granting of the requested adjournment, for nothing in the colloquy compels the conclusion that the appearance by Attorney Bress was merely a ploy or tactic employed by defendant to disrupt the judicial proceedings. In such situations, the Trial Judge is under an obligation to inquire fully into the facts and circumstances surrounding the delay and the justification offered therefor. Of course, such inquiry must be placed on the record so that effective appellate review may be had.
However, if it is found that the delay in the exchange of correspondence between Attorney Bress and defendant is not attributable to the Department of Correction, there could be no finding that the department obstructed defendant’s efforts to secure counsel of his own choosing and, therefore, Attorney *273 Bress’ request for an adjournment was properly denied. Defendant had more than ample opportunity to retain counsel of his own choosing before the date set down for trial, and the denial of Attorney Bress’ eleventh-hour motion under such circumstances would be eminently proper. Inasmuch as the trial had commenced, considerations of public policy — the critical need for the efficient administration of justice — militate against a finding that the Trial Judge acted improperly in denying the request. As has been stated, "[t]he right to counsel does not include the right to delay.” (People v Reynolds, 39 AD2d 812, 813, supra.)
Finally, we reject the People’s contention that defendant is entitled to a new trial only if he can demonstrate that he was prejudiced by the court’s denial of the request for substitution of retained counsel and an adjournment to prepare for trial. The constitutional guarantee to be represented by counsel of one’s own choosing is a fundamental right, and the doctrine of harmless error is inapplicable upon a showing that such right has been abridged. (Cf. People v Felder, 47 NY2d 287, 294-296.)
Accordingly, the order of the Appellate Division should be modified and the case remitted to Supreme Court, New York County, for a hearing in accordance with this opinion, with directions to provide an appealable paper by either amending the judgment to reflect a determination adverse to defendant or by entering an order vacating the judgment and for a new trial if defendant prevails. As so modified, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order modified and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.

. Defendant does not contend on this appeal that his requests to obtain newly assigned counsel were improperly denied.

. Although the transcript indicates that Mr. Bress made his appearance on October 3, 1975, it is clear that the case was scheduled to be heard and Mr. Bress appeared in court on September 23.

. We are in complete agreement with the court below "that whether or not an attorney is in a retained capacity does not depend upon his receipt of a fee or some other form of compensation. An attorney may furnish free legal service tó a criminal defendant and still be considered retained counsel.” (63 AD2d 127, 132.)