■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN MATTA, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered July 6, 1983, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. ¶ Judgment affirmed. ¶ Defendant was indicted by the Suffolk County Grand Jury on two counts of murder in the second degree. The charges arose out of his firing a rifle into a tavern located in Kings Park, New York, which resulted in the death of one Paul Nuzzi. ¶ On May 13, 1983, defendant appeared in court with retained counsel and entered a guilty plea to the crime of murder in the second degree (depraved indifference murder) in full satisfaction of the indictment. Before the court accepted the plea, defendant recounted his actions on the evening of the shooting, admitting, *inter alia,* that he had fired four live rounds from a hunting rifle into the building. In addition, defendant stated that he had ample time to discuss the plea with his attorney, that he was satisfied with his attorney's services, and that he had a full understanding of the consequences of his guilty plea. ¶ Defendant subsequently wrote a letter to the court, on June 20, 1983, stating that he had reconsidered his decision to enter the plea, that he "sincerely believ[ed]" that he was not guilty as charged, and requested permission to withdraw the plea. He claimed that he had been "pressured" by his attorney and would like to engage new counsel to take the matter to trial. ¶ On the rescheduled sentencing date, counsel asked to be relieved, stating that a new attorney had been retained but was not available. The court adjourned the sentence to the next day. ¶ The new attorney did not appear in court the next day. According to the record, the Judge had personally left word for him to contact the court, but the attorney did not do so. An Assistant District Attorney stated that he had contacted the lawyer's office and was informed that the lawyer "would not become involved in this case unless and until the plea was withdrawn". No notice of appearance had been filed. ¶ The court denied defendant's application to withdraw the plea as well as counsel's application to be relieved of his representation of defendant. The court stated that based on defendant's allocution on the date of the plea, defense counsel "probably was giving you good advice" in light of the "very little chance of you being acquitted". Insofar as the new attorney resisted appearing at the sentencing, the court refused to grant the application to relieve counsel because "the defendant would be standing before the Court without an attorney representing him at sentence". We affirm. ¶ The trial court acted appropriately in denying defendant's motion to withdraw his plea of guilty. This is not one of those "rare instance[s]" in which an evidentiary hearing was required (*People v Tinsley,* 35 NY2d 926, 927; *People v Garrett,* 43 AD2d 503, affd on opn at App Div 36 NY2d 727). Defendant made only bald conclusory allegations and, based upon the record, was not entitled to withdraw the plea (*People v Dixon,* 29 NY2d 55, 57; *People v Fridell,* 93 AD2d 866; *People v Jenkins,* 90 AD2d 854). ¶ Similarly, defendant's right to counsel was

not abridged when the court denied counsel's application to be relieved on the eve of sentence. "Whether a continuance should be granted is largely within the discretion of the Trial Judge" (*People v Arroyave*, 49 NY2d 264, 271). Since defendant would have been without counsel at sentence had the application been granted and since sentence had already been postponed, it would ill behoove this court to substitute our discretion for the trial court (*People v Crown*, 51 AD2d 588, 589; cf. *People v Medina*, 44 NY2d 199, 208-209; *People v Singleton*, 41 NY2d 402, 405). Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.