THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAHLON WILLIAM SPROW, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Dutchess County (Kessler, J.), rendered September 2, 1982, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The plea was not flawed either in defendant's allocution or in the court's recitation to the defendant of the constitutional rights he was giving up by reason of his plea. The record discloses that the plea was knowingly and voluntarily taken, despite defendant's belated claim of pressure upon his witnesses to induce him to plead guilty. Under the circumstances of this case, no hearing was warranted (*People v Tinsley*, 35 NY2d 926, 927; *People v Matta*, 103 AD2d 756).

Similarly, defendant's right to counsel was not abridged by the court's refusal to assign new counsel on the eve of sentence (*People v Sawyer*, 57 NY2d 12, 18-19, cert den 459 US 1178).

"Whether a continuance should be granted is largely within the discretion of the Trial Judge" (*People v Arroyave,* 49 NY2d 264, 271). It would ill behoove this court to substitute its discretion for that of the trial court (*People v Crown,* 51 AD2d 588, 589; cf. *People v Medina,* 44 NY2d 199, 208-209; *People v Singleton,* 41 NY2d 402, 405), especially in substituting new counsel at the point of sentence, when the sentence to be imposed had been agreed upon as a result of a plea bargain. Titone, J. P., Bracken, Boyers and Lawrence, JJ., concur.