Kaye, J.
(dissenting). The majority gives insufficient weight to defendant’s right to counsel of his choice, and strikes an improper balance between this right and perceived countervailing considerations.
Embraced within the right to counsel, guaranteed by both the Federal and State Constitutions, is the right of a criminal defendant to be represented by counsel of his own choosing (People v Arroyave, 49 NY2d 264, 270). This right is not limited to the period before trial begins, so long as the exercise of defendant’s right is not employed for delay (id., at p 271). While the right is not absolute, restrictions must be carefully scrutinized (Matter of Abrams [John Anonymous], 62 NY2d 183,196). This judicial reluctance to interfere with choice of counsel serves many vital interests, among them fostering an atmosphere of trust which facilitates the free communication necessary for effective representation (People v Arroyave, 49 NY2d 264, 270, supra). Accordingly, as this court has recently held, an individual’s right to select counsel “will not yield unless confronted with *538 some overriding competing public interest” (Matter of Abrams [John Anonymous], 62 NY2d 183, 196, supra).
The question presented is whether any overriding competing public interest was shown supporting the denial of defendant’s right to counsel of his choice.
Counsel’s prior representation of a prosecution witness does not on this record support the denial. Faced with similar questions, this court and others have balanced defendant’s constitutional right to counsel against the prosecution’s legitimate interest in protecting its witnesses from unfair tactics (see, e.g., People v Hall, 46 NY2d 873, cert denied 444 US 848; United States v James, 708 F2d 40; United States v Cunningham, 672 F2d 1064, cert denied_US_, 104 S Ct 2154; United States v Armedo-Sarmiento, 524 F2d 591). An important consideration in the balance is the effect of the prior representation on the witness’s willingness to testify. In Cunningham, for instance, the defendant’s attorney had previously represented a prosecution witness and the prosecutor moved to disqualify him. The witness, while refusing to waive the attorney-client privilege, did not object to the participation of defense counsel. The defendant having waived his right to an attorney without the conflict of interest, the court held that his interest in representation by counsel of his choice outweighed the prosecution’s interest in disqualifying his attorney (see also, United States v Armedo-Sarmiento, 524 F2d 591, supra). On the other hand, in Hall, defense counsel discovered that he had previously represented an important prosecution witness and joined the People’s disqualification motion. The witness backed away from identifying defendant when he learned of counsel’s representation of defendant. Noting that courts should be hesitant to interfere in an established attorney-client relationship even where the attorney joins the motion, we nonetheless found disqualification proper under those circumstances (see also, United States v James, 708 F2d 40, supra).
Here, there was no indication that the witness in any way objected to cross-examination by Linn, and no basis appears in the record to conclude that the witness would have been inhibited in testifying. The sole ground for the prosecutor’s objection, accepted by the trial court, was a possible conflict inherent in the situation. However, as counsel informed the court — and no one questioned — he had no access to information beyond that present in the witness’s record of arrests and convictions. The court took no steps to determine if there was indeed any conflict, or even a realistic potential for conflict that could delay a trial. *539 The information before the court did not establish a conflict requiring disqualification and did not support denial of defendant’s right to counsel of his choice.
The trial court rested its decision only on the perceived conflict. But even if the other considerations now identified by this court are taken into account, the result is unchanged.
The majority’s concern for delay or the interest of judicial economy does not in this case support the denial of defendant’s right. As distinct from Arroyave, the question here arose not during trial but “on the eve of trial.” When the court appointed Linn’s replacement, an attorney unfamiliar with the case, defendant had a right to retain a different attorney, so long as the exercise of that right was not employed for delay (People v Arroyave, 49 NY2d 264, 271, supra). Indeed, as the court recognized, had defendant at that time selected any attorney other than Linn, the substitution would have been permitted. Since the reinstatement of Linn would have enabled the trial to go forward immediately, whereas denial of the motion and any substitution of counsel for defendant required postponement of the trial date to permit new counsel to learn the case, the interest of judicial economy was hardly served, and was in fact disserved, by denial of the motion.
Nor does the “continuous vacillation of both defendant and counsel” referred to by the majority support the denial of defendant’s right to counsel of his choice. In the brief few days between January 4 and 10, defendant changed his mind once and counsel changed his mind once, and both gave their reasons on the record. Defendant’s change of mind regarding Linn does not justify the denial of his right to counsel of his choice, and the court properly did not base its decision on that ground. Facing a life sentence, defendant was justifiably concerned with obtaining adequate representation.[1] A defendant incarcerated for months pending trial and having seen his attorney infrequently might feel neglected and complain to the court about counsel’s performance even if the attorney was diligently preparing for trial, and might understandably change his mind after conferring with counsel and learning of his efforts. Defendant’s failure to object on Monday, January 7, to counsel’s request to be *540 relieved demonstrates no more than a failure to appreciate the ramifications of a change so late in the proceedings.[2] As defendant personally explained to the court on January 10, he and Linn had straightened out their prior misunderstanding, he had paid Linn for his representation, and he wanted him to remain because of his familiarity with the case. Similarly, Linn explained that, having further reflected and having conferred with other defense attorneys, it was his belief that he could and should stay on the case. This was not a picture of “continuous vacillation” or manipulation of the court, and the change of mind in the brief period was wholly without consequence. Indeed, the court rested its decision on what it believed to be an ethical conflict, not any “vacillation” of defendant or his counsel.
The right to counsel of choice is not diminished once the criminal action has been commenced (majority opn, at p 536). The measure of discretion permitted a trial court does not reduce its responsibility to make appropriate inquiry so that, in a choice between difficult or undesirable alternatives (id.), defendant’s rights will be protected and the risk of reversible error will be mitigated. Here, defendant’s right to counsel of his choice was denied on nothing more than a theoretical possibility of conflict. The proceedings would not have been delayed if counsel had been reinstated. On this record, no overriding competing public interest has been shown justifying the denial of defendant’s right to counsel of his choice. I would therefore reverse the conviction and order a new trial.
Chief Judge Wachtler and Judges Simons and Lynch* * concur with Judge Jasen; Judge Kaye dissents and votes to reverse in a - separate opinion in which Judge Meyer concurs; Judge Alexander taking no part.
Order affirmed.

. While no question of effective assistance is raised, attention to the facts of the case, as well as defendant’s situation, can hardly be dismissed as “superfluous” or otherwise disparaged (see, majority opn, nn 4, 5). So long as this court chooses to consider defendant’s initial complaint and change of mind regarding Linn’s representation as among the “circumstances” supporting the disqualification, it is relevant and entirely appropriate to consider the explanations.

. While defendant on January 7 made no objection to his attorney’s application to be relieved, the issue is without doubt preserved for our review. On January 7, defendant, in effect left without counsel by virtue of his attorney’s application to withdraw, was never asked his view of the application. On the very next return date, only three days later, defendant voiced his objection, and the precise issue was fully ventilated.

 Designated pursuant to NY Constitution, article VI, § 2.