■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GABLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered February 20, 1986, convicting him of manslaughter in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We find no abuse of discretion in the trial court's denial of newly retained counsel's request for an adjournment. While the defendant is entitled to a reasonable time to prepare for trial with his counsel's assistance, here the defendant was aware of the approximate trial date for almost two months prior thereto. No effort was made to replace his prior attorney until the eve of trial nor were any exigent circumstances set forth to support granting the requested delay (see, People v Arroyave, 49 NY2d 264; People v Medina, 44 NY2d 199; People v Crown, 51 AD2d 588; People v Reynolds, 39 AD2d 812).

Upon review of the totality of the circumstances, it cannot be said that the defendant was deprived of his constitutional right to effective assistance of counsel (see, People v Baldi, 54 NY2d 137; People v Aiken, 45 NY2d 394; People v Droz, 39 NY2d 457).

As the defendant received the sentence for which he bargained, he cannot now be heard to complain that it is unduly harsh or excessive (see, People v Kazepis, 101 AD2d 816). Nor do we see any reason to substitute our discretion, in the interest of justice, for that of the sentencing court. Thompson, J. P., Weinstein, Kunzeman and Harwood, JJ., concur.