■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS BROWN, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Miller, J.), rendered March 16, 1983, convicting him of robbery in the second degree (three counts), grand larceny in the third degree (two counts), burglary in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Ritter, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the People, we find that the evidence was legally sufficient to support the verdict *(see, People v Lewis,* 64 NY2d 1111). Although the victims were unable to provide identification testimony, the defendant's involvement in the commission of the crimes was established by his own oral and written statements, police testimony placing the defendant and his accomplice in close proximity to the scene of the crime shortly after its commission, and by certain physical evidence seized from the defendant and linked to one of the victims. Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We find no merit to the defendant's contentions challenging the ruling of the suppression court, and the defendant's complaint that he was denied his right to be represented by counsel of his choice. With respect to his applications concerning his right to counsel, the record reveals that the court repeatedly accorded the defendant the reasonable opportunity

to retain new counsel and granted an application to relieve his assigned Legal Aid attorney who was replaced by a new attorney of the defendant's choice. Thereafter, despite the defendant's continued complaints of dissatisfaction with the new attorney and opportunity to retain another attorney, he failed to produce any other attorney of his choice to pursue his defense and refused to proceed on his own behalf. Under these circumstances, it cannot be concluded that the court abused its discretion in denying the defendant's application for a delay in the proceedings to afford him the opportunity to retain new counsel, which was made at the commencement of his trial (see, People v Arroyave, 49 NY2d 264, 270-271). Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.