THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN T. PRESLAR, II, Appellant.—

The court did not abuse its discretion in denying defendant's request, made just before jury selection, that the court appoint new counsel on the ground that the retained attorney had not conferred with him and was not sufficiently prepared for trial (*see, People v Arroyave*, 49 NY2d 264, 270-271).

Defendant also contends on appeal that for a period of time he was impermissibly deprived of the assistance of counsel because his attorney was representing the conflicting interest of his son. Defendant's son had entered and withdrawn a plea before defendant went to trial and charges against the son were pending when defendant was tried. Ten days before defendant's trial, the District Attorney moved to consolidate the counts involving the Hickman incident against both men. Defense counsel, representing both men, objected that the son felt that the attorney would have a conflict of interest in a consolidated trial and indicated that the son should have new counsel appointed. The attorney stated that he was prepared for trial with respect to defendant. The motion for consolidation was denied. No issue has been raised with respect to the court's handling of a potential conflict at that point.

During trial, defendant sought to call his son as a witness to exonerate him. The attorney sought to be relieved as counsel for the son. The court declined to address representation of the son as a defendant but relieved counsel from representa-

tion of the son as a witness and purported to appoint new counsel for the son as a witness.

Both attorneys advised the son not to testify and the court advised him of his right to remain silent. Nevertheless the son chose to testify. Thereafter, defendant withdrew his demand that the son testify because he was dissatisfied with the way the court proposed to handle the examination of the son. The attorney did not wish to question him because he believed the son would commit perjury. Defendant rejected the court's suggestion that defendant himself ask questions and he objected to the court asking questions. He also objected to the son being asked to tell what he wished to about the evening in question.

We conclude that defendant's contention that he was deprived of the assistance of counsel lacks merit. Although there may have been a potential for conflict between defendant's desire that the son be called and the attorney's advice to the son to refuse to testify, the son rejected that advice. Thus, the potential conflict of interest never operated and in legal contemplation there was no conflict of interest (see, *People v Alicea,* 61 NY2d 23, 30-31).

With respect to counsel's reluctance to question the son, any potential conflict was not between conflicting duties of the attorney to two defendants, as urged by defendant on appeal, but between the attorney's duty of loyalty to his client and his ethical obligation to the court (see, *Nix v Whiteside,* 475 US 157). Thus, defendant's contention that he was impermissibly deprived of the assistance of counsel because his attorney was representing the conflicting interest of his son lacks merit. Defendant has not challenged the basis of the attorney's belief that the son would commit perjury.

We have examined the other nine issues raised by appellate counsel, the 20 raised in defendant's supplementary *pro se* brief, and the People's response, made to the *pro se* brief only. Many of the issues raised do not appear on the record and can be raised only in a motion pursuant to CPL 440.10. The preserved issues that can be reviewed are meritless and the unpreserved issues do not warrant reversal in the interest of justice. (Appeal from judgment of Cayuga County Court, Corning, J.—burglary, first degree.) Present—Dillon, P. J., Callahan, Pine, Balio and Davis, JJ.