■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COSMO MURIALE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered May 13, 1988, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the propriety of his guilty plea is unpreserved for appellate review since the defendant never moved to withdraw his plea before the court of first instance (see, People v Pellegrino, 60 NY2d 636).

In any event, the defendant's assertion that his plea was coerced is devoid of merit since the record establishes that he had sufficient time to consider the plea offer and to confer with his counsel and family before he was advised that he must either accept the offer or proceed to trial (see, People v Fason, 135 AD2d 983). Additionally, the record establishes that the defendant was aware, prior to the plea, that his retained attorney would be unable to appear on his behalf, for a period of at least five months, in the event the defendant elected to proceed to trial. Under the circumstances, the Supreme Court did not improvidently exercise its discretion by refusing to adjourn the case indefinitely in order to accommodate counsel's schedule (see, People v Ambrose, 147 AD2d 577; People v John W.D., 59 AD2d 626; People v Reynolds, 39 AD2d 812). Moreover, since there is no indication in the record that the defendant wished to pursue his right to proceed to trial, it cannot be said that the court "coerced" his plea, by refusing to postpone the prospective trial date.

We have examined the defendant's remaining contention and find it to be without merit. Brown, J. P., Lawrence, Eiber and Rosenblatt, JJ., concur.