■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLANDO BRITO, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered April 22, 1988, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence, and (2) by permission, from an order of the same court, dated September 18, 1989, which denied his motion to vacate the sentence pursuant to CPL article 440.

Ordered that the judgment and order are affirmed.

The defendant's sole contention on this appeal is that the trial court improvidently denied him his right to be represented by the attorney of his choice at sentencing. According to the defendant, the purported abridgment of his right to counsel constitutes good cause for his failure to challenge his predicate felony status, and requires that his sentence be vacated in order to afford him with an opportunity to make such a challenge. We disagree.

The defendant was represented by retained counsel at the time he pleaded guilty. During his plea allocution, the defendant gave no indication that he was dissatisfied with his attorney. On April 22, 1988, prior to the imposition of sentence, the defendant moved to vacate his plea. His attorney of record indicated that the defendant wanted to "engage (new counsel) to intercede at this point". However, it is clear from the record that incoming counsel was only prepared to represent the defendant on condition that the court permitted him

to withdraw his previously entered plea of guilty. The court denied the motion to vacate the plea and imposed sentence in accordance with a negotiated plea bargain.

We conclude that the defendant's right to counsel was not abridged when the court denied the application to substitute counsel on the eve of sentencing. Since the trial court denied the defendant's application to vacate his guilty plea, a determination that is not challenged on appeal, it is clear that new counsel was not prepared to represent the defendant (cf., *People v Thomas,* 70 NY2d 859; *People v Matta,* 103 AD2d 756). There is no indication in the record that the defendant ever sought new representation for sentencing alone, or for purposes of challenging his predicate felony status.

We find no improvident exercise of the trial court's discretion in refusing to allow a substitution of counsel in light of the fact that the defendant was sentenced in accordance with a negotiated plea bargain, and the record establishes that the defendant was represented by competent counsel (see, *People v Rodriguez,* 126 AD2d 580; *People v Sprow,* 104 AD2d 1056). We further note that the defendant's effort to challenge his predicate felony status is, under the circumstances of this case, largely an academic exercise. Having been convicted of criminal sale of a controlled substance in the second degree, a Class A-II felony, the negotiated indeterminate term of six years to life could have been imposed by the court even without his adjudication as a second felony offender (see, Penal Law § 70.00 [2], [3] [a] [ii]). Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.