■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MARGULIES, Appellant. [994 NYS2d 93]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered September 9, 2011, as amended October 11, 2011, convicting defendant, after a jury trial, of grand larceny in the first degree (two counts), scheme to defraud in the first degree, violations of General Business Law § 352-c (5) and (6), conspiracy in the fourth degree, and falsifying business records in the first degree (24 counts), and sentencing him to an aggregate term of 7 to 21 years, with restitution in the amount of $7 million, unanimously affirmed.

The trial court properly exercised its discretion in denying defendant's request for a further adjournment of the trial for the purpose of trial preparation (see Matter of Anthony M., 63 NY2d 270, 283-284 [1984]; People v Arroyave, 49 NY2d 264, 271 [1980]). Although there were voluminous discovery materials, defense counsel had already received sufficient time to review them. We also note that defendant was represented at trial by a team of three lawyers. Furthermore, the People made a showing of potential prejudice to their case if the court were to grant the requested adjournment. There is nothing in the record to suggest that the court's denial of the adjournment deprived defendant of a fair trial or affected the outcome.

On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).

Defendant has not shown "the absence of strategic or other legitimate explanations" for the challenged aspects of counsel's performance (*People v Rivera*, 71 NY2d 705, 709 [1988]), or that these alleged deficiencies deprived defendant of a fair trial, affected the outcome of the case, or caused defendant any prejudice, particularly in light of the overwhelming evidence of guilt.

The evidence established the geographic jurisdiction of New York State and New York County over each of the offenses, based on defendant's acts and those of his accomplice, notwithstanding that defendant was physically located in Ohio during most of the events in question (*see People v Carvajal*, 6 NY3d 305, 313 [2005]; *People v Kassebaum*, 95 NY2d 611, 620 [2001], *cert denied* 532 US 1069 [2001]). The evidence established that defendant and his accomplice controlled a Manhattan-based company, and stole millions of dollars from it through illegal stock transactions. Among other things, the accomplice falsely represented the status of the company in a New York presentation, in press releases issued in New York, and in public filings. Defendant also wired illegally obtained funds into banks in New York, sent fraudulent documents to the accomplice in New York, and communicated with him in New York numerous times.

We reject defendant's challenges to the sufficiency and weight of the evidence supporting the convictions of falsifying business records (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). With regard to each document, the evidence established all of the elements of the crime (*see* Penal Law § 175.10), including the requirement that the false documents were actually business records (*see People v Bloomfield*, 6 NY3d 165, 171 [2006]).

We have considered defendant's remaining claims, and find that none of them warrant reversal. Concur—Gonzalez, P.J., Saxe, DeGrasse, Richter and Clark, JJ.