People v Bruno (2020 NY Slip Op 01014)





People v Bruno


2020 NY Slip Op 01014


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Gische, J.P., Kapnick, Webber, Moulton, JJ.


11014 3029/15

[*1] The People of the State of New York, Respondent,
v
Justin Bruno, Defendant-Appellant.


Christina Swarns, Office of The Appellate Defender, New York (Rosemary Herbert of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Noreen M. Stackhouse of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered June 6, 2017, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a prison term of six years, unanimously affirmed.
Defendant's expressions of dissatisfaction with his third assigned attorney, near the end of the trial, and his declaration that he was hiring private counsel, did not constitute a "seemingly serious request" for new counsel, and thus the court was not required to make a "minimal inquiry" (People v Porto, 16 NY3d 93, 100 [2010]). While the court did not make a direct inquiry, and expressed its inclination to deny any substitution of counsel, defendant nevertheless received a significant opportunity to explain his position and was not prevented from making any explanations (see e.g. People v Rodriguez, 46 AD3d 396 [1st Dept 2007], lv denied 10 NY3d 844 [2008]). Defendant's comments were neither indicative of good cause for a substitution of counsel (see Porto, 16 NY3d at 100), nor sufficiently compelling to require substitution at such a late stage (see People v Arroyave, 49 NY2d 264, 271 [1980]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK