People v Pan (2024 NY Slip Op 06166)

People v Pan

2024 NY Slip Op 06166

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Michael, JJ. 

Ind. No. 0821/20 Appeal No. 3204 Case No. 2022-02776 

[*1]The People of the State of New York, Respondent,
v
Jia Pan, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Lena Janoda of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

Appeal from judgment, Supreme Court, New York County (Diane Kiesel, J.), rendered June 21, 2022, convicting defendant, upon his plea of guilty, of assault in the first degree and endangering the welfare of a child, and sentencing him to an aggregate term of 18 years, unanimously reversed, on the law, defendant's motion to withdraw and vacate his plea granted, and the matter remanded for further proceedings in accordance herewith.
The People concede that defendant's right to counsel was violated by the court's ruling improperly prohibiting defendant from retaining an unpaid attorney who worked at a public defender organization which represented him on a related matter (see People v Arroyave, 63 AD2d 127, 132 [1st Dept 1978], mod on other grounds 49 NY2d 264, 270-271 [1980]), and by the conflict of interest between assigned counsel and defendant that arose from counsel's disparaging statements, in court and in written submissions, about defendant and his possible defense of accidental stabbing.
Defendant was also deprived of effective assistance when his counsel advised him that because of his plea, he will most likely be deported, since it is clear that defendant's conviction would trigger mandatory deportation (see Padilla v Kentucky, 559 US 356, 368-369 [2010]; Sing v Barr, 939 F3d 457 [2d Cir 2019]; People v Pequero, 158 AD3d 421 [1st Dept 2018]). The remarks made by counsel on the record to the judge, as to what he advised his client with regard to the immigration consequences of his plea, are sufficient to permit review on direct appeal (see People v Doumbia, 153 AD3d 1139 [1st Dept 2017]). Because we find defendant received ineffective assistance of counsel, it cannot be said that defendant voluntarily, knowingly, and intelligently entered his plea of guilty. We hereby vacate defendant's plea, and the case is remanded to permit defendant to proceed with new counsel. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024