*874 OPINION OF THE COURT

Per Curiam.

Two issues are tendered for our review. On the eve of the scheduled trial, at a pretrial identification hearing, assigned counsel for appellant, Louis Alperin, Esq., discovered that he had previously represented an important identification witness to be called by the prosecution, one James Gonzalez, and had been intimately involved with his family and his personal history and background, including certain things which might prove embarrassing to the witness. After his becoming aware of the identity of defense counsel, Gonzalez backed away from identification of defendant.* Mr. Alperin promptly informed the court and the prosecution of his predicament. The prosecution thereupon moved the court to disqualify counsel and to assign a replacement. With evident reluctance to "abandon” his client, Mr. Alperin joined in the motion. After consideration and over the strenuous objections of appellant, who found Mr. Alperin to be "a very good lawyer”, the court granted the motion, relieved Mr. Alperin and directed the assignment of new counsel. Appellant argues that it was error for the court to have excused his assigned counsel. No issue is now tendered, however, with respect to the propriety of rulings of the court after Mr. Alperin was relieved or of the performance of substituted counsel.
On reviewing the record we agree with the Appellate Division that it was not error for the court to have excused defense counsel in the circumstances disclosed, nor was appellant thereby deprived of any constitutional right. This is not an instance in which the court relied on a waiver of a potential conflict of interest by the defendant or allowed the defendant to continue with his counsel (e.g., People v Gomberg, 38 NY2d 307; see Ann., 27 ALR3d 1431). Precisely the opposite occurred; the court rejected appellant’s desire to retain his assigned counsel. Cases involving a defendant’s right to proceed pro se do not fit, and cases in which counsel *875 did continue are inapposite. It is the gravamen of appellant’s argument that a defendant has the constitutional right, once an attorney has been retained or assigned, to determine whether such attorney may continue to represent him. This is too categorical a description of a defendant’s right. We agree that a court should be hesitant to interfere in an established attorney-client relationship, even where, as here, the attorney joins in the application to be excused. Clearly the lawyer cannot terminate the relationship, ex parte. Nor, on the other hand, may the client preclude termination (cf. People v Brabson, 9 NY2d 173, cert den 366 US 930 [assigned counsel]). We find no error, however, in the determination made by the court to disqualify Mr. Alperin in this instance in circumstances in which it appeared very likely that his continuance in the case would work unfair prejudice either to the prosecution or to defendant. Indeed, the denial of Mr. Alperin’s request to be relieved might have been a violation of defendant’s constitutional rights (e.g., Holloway v Arkansas, 435 US 475). (See Ann., 27 ALR3d 1431; compare United States v Armedo-Sarmiento, 524 F2d 591 [error to disqualify retained counsel on motion of prosecution in which defense counsel did not join].)
On the second issue, defendant argues that the case must at least be remitted for resentencing because the sentencing Judge made express reference to another crime for which defendant had been indicted but not convicted. Our reading of the record satisfies us that the sentences imposed for the crimes of which defendant was convicted were in no way affected by the court’s awareness of the other indictment and did not represent an imposition of additional punishment for the other crime charged. On the contrary, it appears that the court’s reference to the fact that the other indictment was to be dismissed was made for defendant’s information, and thus for his benefit. The failure of defendant and his counsel to voice any protest at the time confirms this interpretation.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in Per Curiam opinion.
Order affirmed.

 It is of interest to note that on defendant’s subsequent trial, Gonzalez positively identified defendant and persisted in his identification. He explained his inability to identify defendant at the pretrial hearing as a lie, attributable to Mr. Alperin’s presence in the courtroom as defendant’s counsel. "The reason I didn’t say the exact truth that day, I know Mr. Alperin certain years, and one time he, he took care of a case for me, and it was my parents and things, and I just, I felt he is bringing up my past, and I didn’t want it to come up. I, I just didn’t want it. * * * I didn’t know what to say, and I was mixed up. I went downstairs, and I called up, and I called the District Attorney’s office, and I came back up, and I apologized”.