■ In the Matter of MARIA LOMBARDI, Respondent, v ANTHONY LOMBARDI, Appellant.—Cross motion to dismiss appeal by respondent-appellant, Anthony Lombardi, from an order of support of the Family Court, New York County, entered November 24, 1978, or, in the alternative, to grant attorney for petitioner-respondent leave to withdraw, is denied, without prejudice as to the alternative relief to an application made on notice to or

consent of the client. The motion to dismiss the appeal is based on alleged lateness in taking the appeal. Section 1113 of the Family Court Act provides: "An appeal under this article must be taken no later than thirty days after the entry and service of any order from which the appeal is taken." It does not appear that any copy of the order appealed from was ever served upon appellant. Indeed, the parties are in agreement that all that was ever mailed to appellant in accordance with the procedures of the Family Court was a document entitled "NOTICE OF ORDER OF SUPPORT AND INSTRUCTIONS TO PETITIONER AND RESPONDENT." While this document may well be deemed to be notice of entry of an order and contains a statement of the amount of support ordered, the document is clearly not a copy of the order appealed from and thus the time to appeal from the order has not begun to run. As to the application for alternative relief by the attorney to be relieved, there is no indication that a copy of those papers was ever served on the client, nor is there any written consent by the client or even any indication that the client knows about the application. A lawyer cannot terminate his relationship with his client ex parte. (Cf. *People v Hall,* 46 NY2d 873). Concur—Fein, J. P., Sullivan, Lane, Markewich and Silverman, JJ.