◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL JACKSON, Appellant. [627 NYS2d 779] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered November 6, 1991, convicting him of robbery in the first degree (six counts), burglary in the first degree (two counts), assault in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

We agree with the defendant that his convictions must be reversed due to the fact that the trial court violated his right to be represented by counsel of his choice *(see, People v Arroyave,* 49 NY2d 264). The record reveals that the defendant's assigned counsel failed to appear at a calendar call. At that time, the defendant conveyed to the court recent difficulties he had had in contacting his attorney. Based upon the foregoing, coupled with counsel's failure to appear at several subsequent calendar calls, the court determined, *sua sponte,* and against the defendant's wishes, to relieve the defendant's assigned attorney and to assign new counsel.

At the outset, we note the importance of the ability of a Trial Judge to control his or her courtroom which includes the discretion in determining whether to replace assigned counsel. This principle was discussed in *Morris v Slappy,* (461 US 1, 11), which dealt with the ability of a Judge to grant a continuance. Chief Justice Burger, writing for the Court, noted that "Trial Judges necessarily require a great deal of latitude in scheduling trials", and therefore concluded that "broad discretion must be granted trial courts on matters of continuances". Where "good cause" exists, a court is well advised to effect a

change of counsel *(People v Medina,* 44 NY2d 199, 207). In determining whether such "good cause" exists, "a court must take into account such circumstances as whether present counsel is reasonably likely to afford a defendant effective assistance and whether the defendant has unduly delayed in seeking new assignment" *(People v Medina, supra,* at 208).

It is our opinion that the facts here do not rise to the level of "good cause" necessary to effect a change of counsel. The record fails to disclose any attempts by the court to determine the reasons for counsel's absence or to take any measures to compel counsel's appearance; nor is there any indication that the defendant had lost confidence in his counsel. On the contrary, the defendant specifically stated that he did not want new counsel assigned and then asked the court to reinstate his original counsel after the court had assigned new counsel.

As noted in *People v Hall* (46 NY2d 873, 875, *cert denied* 444 US 848), "a court should be hesitant to interfere in an established attorney-client relationship". Furthermore, a court "should not arbitrarily interfere with [such a] relationship" *(People v Gomberg,* 38 NY2d 307, 313) especially, where, as here, counsel was also representing the defendant on a number of other pending criminal matters. Accordingly, under the facts of this case, we find that the requisite "good cause", necessary to interfere with the attorney-client relationship, has not been shown.

In light of our determination to reverse, we need not address the defendant's remaining contentions. Bracken, J. P., Rosenblatt, O'Brien and Hart, JJ., concur.