■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MANN, Appellant. [648 NYS2d 193] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a controlled substance in the fourth and seventh degrees and sentencing him to five months in jail and five years of probation. Defendant's conviction arises out of a September 2, 1994 drug transaction in which defendant was the buyer. Defendant's primary contention is that the conviction must be reversed on due process grounds because the police or their agents illegally facilitated the sale to defendant.

Due process does not require reversal (*see, People v Archer,* 68 AD2d 441, *affd* 49 NY2d 978, *rearg denied* 50 NY2d 1060, *cert denied* 449 US 839; *People v Jackson,* 231 AD2d 907 [decided herewith]; *cf., People v Isaacson,* 44 NY2d 511, *rearg denied* 45 NY2d 776; *People v Shine,* 187 AD2d 950, 951). The police did not manufacture a crime that otherwise would not have occurred. Defendant's involvement in drug transactions predated the investigation. The police did not engage in criminal or improper conduct, but merely arranged for an undercover officer to pose as a buyer and be present during defendant's purchase of drugs. The police were not in possession of the cocaine, nor were they in league with the seller. Even if they had been, their actions would have been legal (*see, Jacobson v United States,* 503 US 540, 548-549). This is not a case where defendant's reluctance to commit the crime was overcome by improper methods. The police did not solicit defendant or offer him anything; rather, it was defendant who initiated the sale. Finally, the record does not establish that the police sought to obtain a conviction at all costs. The fact that the police were allowed to witness the transaction did not turn the investigation into " 'sheer lawlessness' " (*People v Shine, supra,* at 951) or a mockery of fundamental fairness (*see, People v Isaacson, supra,* at 522).

Nevertheless, the judgment must be modified by reversing defendant's conviction of seventh degree criminal possession and vacating the sentence imposed thereon. As the People

concede, that count is an inclusory concurrent count of fourth degree criminal possession (*see,* CPL 300.30 [4]; 300.40 [3] [b]).

We have considered defendant's challenge to the severity of the sentence and conclude that it is without merit. (Appeal from Judgment of Erie County Court, Drury, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Denman, P. J., Green, Callahan, Doerr and Boehm, JJ.