Simons, J.
(dissenting). The majority holds that error was committed when the Trial Judge refused defendant’s request to have a second chair attorney from assigned counsel’s office participate in his trial. It concludes the court’s action unjustifiably interfered with defendant’s constitutional right to counsel and that reversal is required even though defendant suffered no demonstrable prejudice as a result of the ruling. Concededly, defendant in this case received effective assistance of counsel and the Constitution guarantees him no more. Although the action of the court was not justified by the record, any error was harmless and the conviction should be affirmed. I therefore dissent.
A criminal defendant has a right to counsel at all material stages of the proceeding. If he cannot afford an attorney, the court must appoint one to represent him at public expense. The right is guaranteed under both the State and Federal Constitutions (NY Const, art I, § 6; US Const 6th Amend; see, Powell v Alabama, 287 US 45; Gideon v Wainwright, 372 US 335; People v Sawyer, 57 NY2d 12, 18-19, cert denied 459 US 1178). The purpose underlying these guarantees is to insure that those charged with crime are represented by an effective advocate and thus ensure that they receive a fair trial (Wheat v United States, 486 US 153, 159; Strickland v Washington, 466 US 668, 689; United States v Cronic, 466 US 648, 658; and see, People v Claudio, 83 NY2d 76, 79).
If a criminal defendant retains one or more attorneys, the court must respect that choice absent good cause to remove *773 counsel (see, Wheat v United States, supra). Indeed, even when an apparent conflict of interest exists between codefendants, the court must accept defendants’ choice of retained counsel if the choice is knowing and the conflict is waived (People v Gomberg, 38 NY2d 307). A court arbitrarily interfering with a defendant’s chosen retained counsel risks an error of constitutional magnitude (see, Wilson v Mintzes, 761 F2d 275; United States v Panzardi Alvarez, 816 F2d 813, 816; People v Arroyave, 49 NY2d 264).
In the case of assigned counsel, a defendant has no similar right to select an attorney or attorneys. For reasons of practicality and economy, the choice is a matter resting within the absolute discretion of the court (see, 2 LaFave and Israel, Criminal Procedure § 11.4; see also, Annotation, Indigent’s Right to Particular Counsel, 66 ALR3d 996). Moreover, even after the court designates counsel the defendant does not have a categorical right to continue the assignment because he favors the attorney if the court has a supportable basis for ordering a change (People v Hall, 46 NY2d 873; cf., Smith v Superior Ct., 68 Cal 2d 547, 440 P2d 65; and see, Annotation, Change of Appointed Counsel over Objection, 3 ALR4th 1227). "When evaluating whether defendant has been accorded the constitutional right to counsel, the focus is on the adequacy of representation provided, not defendant’s relationship with counsel (Morris v Slappy, 461 US 1, 13-14).
The majority concludes that defendant was denied effective assistance of counsel. But defendant does not claim he received ineffective assistance of counsel or that he did not receive a fair trial. Nevertheless the majority maintains that defendant was entitled to two trial attorneys and that the court’s arbitrary interference with his relationship with one of them denied him effective assistance of counsel (see, majority opn, at 768). Presumably, it believes the constitutional guarantee encompasses that right. At least it identifies no other source— statute or common law — recognizing such a right. Thus, it necessarily holds that defendant was constitutionally entitled to two assigned attorneys and the failure to honor that right constitutes reversible error even in the absence of prejudice. That premise is not legally supportable under existing law. The Federal courts and State courts which have considered the subject have uniformly held that an indigent defendant does not have the right to two or more attorneys and the Supreme Court, when requested to do so, has refused to review those determinations (see, Bell v Watkins, 692 F2d 999, 1009, cert *774 denied sub nom. Bell v Thigpen, 464 US 843; Crum v Hunter, 151 F2d 359, 361, cert denied 328 US 850; People v Padilla, 11 Cal 4th 891, 906 P2d 388, 409-410, cert denied — US —, 117 S Ct 107; Lowe v State, 650 So 2d 969, 974-975 [Fla], cert denied — US —, 116 S Ct 230; State v Pizzuto, 119 Idaho 742, 810 P2d 680, 713, cert denied 503 US 908; Baird v State, 604 NE2d 1170, 1187 [Ind], cert denied 510 US 893; Johnson v State, 292 Md 405, 439 A2d 542, 548; Smith v State, 445 So 2d 227, 230 [Miss]; State v Lord, 286 SW2d 737, 740 [Mo]; DePasquale v State, 106 Nev 843, 803 P2d 218, 220, cert denied 502 US 829; State v Frye, 341 NC 470, 461 SE2d 664, 675, cert denied — US —, 116 S Ct 1359). Nor is the new rule the majority establishes justified by the facts of this case or the purposes and concerns underlying the right to effective assistance of counsel.
Alternatively, the majority’s holding implies that if defendant has two counsel at any point, if his defense team is reduced to one attorney he receives ineffective assistance per se. Such a rule is simply untenable.
In this case, defendant was assigned counsel and, by any accepted standard, his attorney provided him with effective representation resulting in a fair trial. Defendant does not claim otherwise. That should be the end of the matter because defendant received all that he was constitutionally entitled to. The Judge’s remarks when rejecting trial counsel’s request that a second attorney assist him were improper and its stated reasons for believing that the application was made in bad faith were unsupported by the record. But the Judge’s conduct constituted trial error, not constitutional error, and it is subject to harmless error analysis.
The error was clearly harmless because defendant was not prejudiced by it. This was a simple trial on a charge of criminal sale of a controlled substance in the third degree resulting from a police arranged buy and bust. The People swore four witnesses, the undercover officer, the arresting officers and a chemist. The defendant swore one witness, a friend who testified that no sale had taken place. The jury was presented with a relatively brief trial involving only a question of credibility.
On the opening day of the trial, Mr. Jones, the attorney first designated by the Legal Aid Society to represent defendant and the one who had conducted all the prior proceedings without assistance, appeared with Ms. Glover and unexpectedly sought to have her examine one of the police officers. Whether she was there to offset the presence of a new hire sit *775 ting in with the Assistant District Attorney or for some other reason is irrelevant. Mr. Jones admitted he had handled the examinations at the preliminary hearings, he acknowledged that the case was "straightforward” and he made no claim that he was incapable of handling the trial without assistance. He sought Ms. Glover’s participation because she had prepared the cross-examination of one witness, because "[t]wo heads are better than one” and because the dual representation would be "mutually rewarding” to both attorneys. Defendant had formed a "certain attachment” with him and Ms. Glover, he said, and was "comfortable” with her handling part of the case. These were the "reasons” advanced to support counsel’s application which provoked the Judge’s remarks. Fortunately, the remarks and the ruling were made in the absence of the jury and could not have had any effect on its deliberations. They do not warrant the reversal of a valid conviction.
Nevertheless, the majority, focusing on the court’s frustration of defendant’s attempt to be represented by two lawyers, concludes that there must be a new trial because the court interfered with defendant’s assigned counsel. However, Ms. Glover was not assigned to represent defendant, the Legal Aid Society was. It designated Mr. Jones, a competent attorney, to appear for defendant and he did so at all material stages of the proceedings. The court did nothing to deprive defendant of that representation and, as noted above, defendant does not claim that his counsel was ineffective. There was constitutional error here only if defendant enjoyed a right under those circumstances to determine that he was entitled to two lawyers and that Ms. Glover should be one of them. Assuming that defendant or the Legal Aid Society could unilaterally determine that he required the assistance of two or more lawyers limited only by the court’s inherent power to control the orderliness of the proceedings — a legal proposition far from settled — and the court’s ruling in this case violated that rule, its actions constituted no more than an abuse of discretion and the error was harmless because defendant received both effective assistance of counsel and a fair trial (see, People v Wicks, 76 NY2d 128; see, People v Schaeffer, 56 NY2d 448).
Finally, it should be noted that the majority has supported its holding by citing cases in which the court has interfered with defendant’s right to retain counsel of his own choosing (see, e.g., People v Arroyave, 49 NY2d 264, supra), in which the court has relieved sole assigned counsel (see, People v Hall, 46 NY2d 873) or in which the court’s conduct deprived defendant *776 of the right to counsel (see, People v Joseph, 84 NY2d 995; People v Hilliard, 73 NY2d 584). None of those circumstances exist here and none of the authorities support the rule the majority now advances.
In sum, defendant was represented by effective counsel and received a fair trial. In view of this, there is no basis to conclude that he received ineffective assistance because the court limited him to one attorney and no need to create a new constitutional right, unrecognized by any other court, merely to verify our unanimous disapproval of the Trial Judge’s conduct.
The order of the Appellate Division should be affirmed.
Chief Judge Kaye and Judges Bellacosa, Levine and Ciparick concur with Judge Titone; Judge Smith concurs in result in a separate opinion; Judge Simons dissents and votes to affirm in another opinion.
Order reversed, etc.