■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIO GUERRERO, Appellant. [12 NYS3d 272]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ayres, J.), rendered August 23, 2013, convicting him of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, hindering prosecution in the second degree, resisting arrest, criminal facilitation in the fourth degree, escape in the third degree, and attempted unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Calabrese, J.), of the suppression of the defendant's statements to law enforcement officials.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The Supreme Court properly denied suppression of the defendant's statements to law enforcement officials. The evidence presented at the suppression hearing demonstrated that the defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), including his right to counsel (*see People v Foote*, 259 AD2d 630 [1999]). Furthermore, the defendant's request to speak with his daughter was not the legal equivalent of a request to exercise the constitutionally protected right to counsel (*see People v Fuschino*, 59 NY2d 91, 100 [1983]; *People v Washington*, 209 AD2d 817, 819 [1994]).

The defendant's contention that his convictions of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, and hindering prosecution in the second degree were not supported by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (*see*

CPL 470.15 [5]; *People v Romero*, 7 NY3d 633 [2006]). However, as the People correctly concede, the defendant's conviction of criminal possession of a controlled substance in the seventh degree must be vacated, and that count of the indictment dismissed, as that count was an inclusory concurrent count of criminal possession of a controlled substance in the fourth degree (*see* CPL 300.40 [3]; *People v Quarless*, 123 AD3d 1060, 1061 [2014]; *People v Mann*, 231 AD2d 914 [1996]).

The defendant's contention that the sentence imposed was improperly based on the crimes of which he was acquitted is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Dubois*, 116 AD3d 878, 878-879 [2014]). In any event, viewing the sentencing court's comments as a whole, it is clear that the sentence imposed was not based upon crimes of which the defendant was acquitted (*see People v Morgan*, 27 AD3d 579, 580 [2006]; *People v Robinson*, 250 AD2d 629 [1998]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Roman, Maltese and Barros, JJ., concur.