■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEODORO VELIZ, Appellant. [36 NYS3d 609]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Firetog, J.), imposed August 27, 2014, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Bradshaw, 18 NY3d 257, 264-267 [2011]; People v Oviedo, 139 AD3d 1091 [2016]; People v Boney, 130 AD3d 1057, 1057 [2015]; People v Brown, 122 AD3d 133, 144-145 [2014]). Eng, P.J., Rivera, Dickerson, Hinds-Radix and Maltese, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY WINGATE, Appellant. [36 NYS3d 607]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dwyer, J.), rendered September 16, 2014, convicting him of assault in the second degree and criminal contempt in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court improvidently exercised its discretion in allowing the People to introduce certain uncharged crime evidence (see People v Alvino, 71 NY2d 233, 241-242 [1987]; see also People v Resek, 3 NY3d 385, 390 [2004]; cf. People v Dorm, 12 NY3d 16, 19 [2009]; People v Pham, 118 AD3d 1159, 1161 [2014]; People v Ashman, 292 AD2d 458, 458-459 [2002]). However, contrary to the defendant's contention, under the circumstances of this case, the error did not deprive him of his due process right to a fair trial (see People v Crimmins, 36 NY2d 230, 238 [1975]; see also People v Smith, 131 AD3d 1270, 1273 [2015]).

The defendant's contention that the sentence imposed was improperly based on the crime of which he was acquitted is unpreserved for appellate review (see CPL 470.05 [2]; People v Malcolm, 131 AD3d 1068, 1071 [2015]; People v Morgan, 27 AD3d 579, 580 [2006]) and, in any event, without merit (see People v Morgan, 27 AD3d at 580; People v Robinson, 250 AD2d 629, 629 [1998]; cf. People v Grant, 94 AD3d 1139, 1141-1142 [2012]). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Chambers, J.P., Dickerson, Duffy and LaSalle, JJ., concur.