◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HOOKS, Appellant. [49 NYS3d 499]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered August 22, 2013, convicting

him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of acting in concert with an unidentified accomplice in connection with the assault and fatal shooting of his daughter's stepfather. The defendant contends that the evidence was legally insufficient, and that the verdict was against the weight of the evidence, with respect to the element of his intent to seriously injure the decedent as required for his conviction of manslaughter in the first degree (see Penal Law § 125.20 [1]). Contrary to the People's contention, the defendant's legal sufficiency claim is preserved for appellate review (see People v Hawkins, 11 NY3d 484, 492 [2008]). Viewing the evidence adduced at trial in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), the evidence was legally sufficient to prove the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349 [2007]). The jury could rationally infer from the evidence that the defendant and his accomplice shared "a community of purpose" (People v Scott, 25 NY3d 1107, 1110 [2015]; see People v Martinez, 30 AD3d 353 [2006]; People v Witherspoon, 300 AD2d 605 [2002]; People v Mejia, 297 AD2d 755, 756 [2002]; People v Santana, 191 AD2d 174 [1993]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]) we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Rizzo, 142 AD3d 1187 [2016]). The defendant's actions and participation in the assault on the victim, as well as the undisputed evidence that it was the defendant who had the motive for the attack, demonstrated that the defendant shared the intent to cause serious physical injury to the victim, and that he was culpable for causing the victim's death, whether it was the defendant, or his accomplice, who fired the fatal shot.

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). The defendant's contention that the sentence imposed was improperly based on the crime of which he was acquitted is unpreserved for appellate review, as the defendant did not raise this issue at the time of sentencing (see CPL 470.05 [2]; People v Wingate, 142 AD3d 630 [2016]; People

*v Malcolm,* 131 AD3d 1068 [2015]). In any event, the contention is without merit (*see People v Hall,* 46 NY2d 873, 875 [1979]; *People v Guerrero,* 129 AD3d 1102, 1103 [2015]; *People v Morgan,* 27 AD3d 579, 580 [2006]; *People v Robinson,* 250 AD2d 629 [1998]). The defendant's contention that the sentence imposed improperly penalized him for exercising his right to a trial is unpreserved for appellate review and, in any event, without merit (*see* CPL 470.05 [2]; *People v Hurley,* 75 NY2d 887, 888 [1990]).

The contentions raised in the defendant's pro se supplemental brief are unpreserved for appellate review, and, in any event, are either without merit or do not require reversal. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.