■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREYVON NEWMAN, Appellant. [57 NYS3d 413]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered July 21, 2015, convicting him of assault in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The defendant's contention that the evidence was legally insufficient with respect to the element of his intent to seriously injure the victim is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant shared an intent with his codefendant to cause serious physical injury (*see People v Hooks*, 148 AD3d 930 [2017]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Hooks*, 148 AD3d 930 [2017]).

The Supreme Court erred in imposing consecutive sentences and in considering a crime of which the defendant was acquitted as a basis for sentencing (*see People v Newman*, 153 AD3d 639 [2d Dept 2017] [decided herewith]). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for resentencing, and the sentences imposed on remittal are to run concurrently. Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.