People v Sanford (2019 NY Slip Op 04731)





People v Sanford


2019 NY Slip Op 04731


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-06866
 (Ind. No. 935/13)

[*1]The People of the State of New York, respondent,
v
Barshem Sanford, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Rachel N. Houle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered May 9, 2016, convicting him of manslaughter in the second degree, criminal possession of a weapon in the second degree (two counts), and tampering with physical evidence, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 5 to 15 years on the conviction of manslaughter in the second degree and determinate terms of imprisonment of 15 years plus 5 years of postrelease supervision on each conviction of criminal possession of a weapon in the second degree, with the terms of imprisonment imposed on those three convictions to run concurrently with each other, and to an indeterminate term of imprisonment of 1&frac13; to 4 years on the conviction of tampering with physical evidence, to run consecutively to the other sentences.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying him youthful offender treatment. The record supports the court's determination that the defendant, a youth convicted of an armed felony offense, did not establish the requisite mitigating circumstances bearing directly upon the manner in which the crime was committed so as to render him eligible for youthful offender treatment (see CPL 720.10[2][a]; [3]; People v D.M., 168 AD3d 879; People v Mackson, 154 AD3d 780, 781; People v Keith, 144 AD3d 705, 706).
The defendant's contention that the sentences imposed were improperly based on crimes of which he was acquitted is unpreserved for appellate review, as the defendant did not raise this issue at the time of sentencing (see CPL 470.05[2]; People v Hooks, 148 AD3d 930, 931-932; People v Wingate, 142 AD3d 630; People v Malcolm, 131 AD3d 1068, 1071). In any event, the contention is without merit (see People v Hall, 46 NY2d 873, 875; People v Guerrero, 129 AD3d 1102, 1103; People v Morgan, 27 AD3d 579, 580). Nevertheless, under the circumstances of this case, the sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 [*2]AD2d 80).
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court