■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK LENARD WILLIAMS, Appellant. [778 NYS2d 244]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered November 4, 2002. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that County Court erred in projecting the charge on the wall so that the jurors could read the charge while the court was orally delivering it. Defendant contends that the simultaneous projection was distracting to the jury and prejudicial to him to the extent that there were any discrepancies between the projected version and the oral version. He likens the alleged error herein to that in *People v Owens* (69 NY2d 585 [1987]), where jurors were given a partial written charge to use during their deliberations.

Defendant concedes that he failed to object to the court's projection of the charge, but he contends that the error affects "the mode of proceedings proscribed by law" and thus presents an exception to the preservation rule (*People v Patterson*, 39 NY2d 288, 295 [1976], *affd* 432 US 197 [1977]). We reject that contention. "Only *fundamental* defects in judicial proceedings . . . fall within [the] very narrow category of so-called 'mode of proceedings' errors" (*People v Agramonte*, 87 NY2d 765, 770 [1996]). Defendant is correct that the delivery of the charge to the jury is an integral part of a defendant's right to a jury trial (*see* CPL 300.10 [1]). However, to the extent that the statute requires that the charge be delivered orally, the court complied with that requirement here. Defendant's challenge is only to the simultaneous projection of the charge, and that challenge does not go "to the essential validity of the proceedings conducted below" (*Patterson*, 39 NY2d at 296). Thus, an objection was necessary to preserve for our review defendant's contention concerning the projection of the charge (*see People v Monroe*, 90 NY2d 982, 984 [1997]; *Agramonte*, 87 NY2d at 770-771).

Defendant requests in the alternative that we exercise our power to review his contention as a matter of discretion in the interest of justice and reverse the judgment of conviction based thereon (*see* CPL 470.15 [6] [a]). We decline to do so, however, inasmuch as defendant has failed to demonstrate even the

potential for prejudice arising from the court's actions. Significantly, the projection of the charge on the wall under these circumstances did not involve any of the hazards identified in *Owens* associated with distributing a partial written charge to the jurors for their use during deliberations. The projected charge was substantially the same as the oral charge, and the process took place entirely in the courtroom under the court's supervision and guidance. In short, "there was no danger that the jurors would be left to interpret the law themselves" (*People v Tucker*, 77 NY2d 861, 863 [1991]).

The additional contention of defendant that he was denied effective assistance of counsel is without merit (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Pigott, Jr., P.J., Green, Wisner, Scudder and Gorski, JJ.