■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY NELSON, Appellant. [803 NYS2d 583]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered May 21, 2002, convicting him of criminal sale of marihuana in the first degree (three counts), criminal possession of marihuana in the first degree (two counts), criminal possession of marihuana in the second degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by vacating the convictions of criminal sale of marihuana in the first degree and criminal possession of marihuana in the first degree under counts three and four of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The People demonstrated that a wiretap investigation was carried out with the appropriate procedures in place to minimize interception of nonpertinent communications (*see* CPL 700.30 [7]; *People v Floyd*, 41 NY2d 245, 250 [1976]; *People v Adeola*, 12 AD3d 452 [2004]). The defendant failed to rebut this showing, and thus, the court correctly denied that branch of his omnibus motion which was to suppress the audiotapes produced from the investigation (*see People v Floyd, supra*).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally insufficient to establish the defendant's guilt beyond a reasonable doubt of criminal sale of marihuana in the first degree and criminal possession of marihuana in the first degree (counts three and four) with respect to the drug sales which occurred on May 22, 2001. The evidence with respect to these counts demonstrated that the defendant transported a wooden crate in his silver Mercedes Benz to his home on Ann Street. Thereafter, another individual, driving a blue Honda, stopped at a nearby building on Vanorden Street, came out of the building with a brown paper bag, and placed the brown paper bag in the

Honda. It was established that the brown paper bag contained marihuana. However, the evidence did not show that the contents of the brown paper bag came from the wooden crate transported by the defendant, and the contents of the wooden crate are unknown.

With regard to the remaining counts in the indictment, we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Contes, supra*). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Adams, J.P., Crane, Goldstein and Skelos, JJ., concur.