■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENED GJELAJ, Appellant. [848 NYS2d 350]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered July 18, 2006, convicting him of burglary in the first degree (three counts), robbery in the first degree (three counts), robbery in the second degree (five counts), grand larceny in the second degree (two counts), criminal possession of stolen property in the third degree (two counts), unauthorized use of a motor vehicle in the first degree, conspiracy in the fourth degree, and conspiracy in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record demonstrates that the wiretap investigation was carried out with the appropriate procedures in place to minimize the interception of nonpertinent communications (*see* CPL 700.30 [7]; *People v Floyd*, 41 NY2d 245, 250 [1976]; *People v Nelson*, 21 AD3d 1121 [2005]).

Furthermore, the trial court providently exercised its discretion in denying the defendant's request for an adjournment made after the commencement of the trial, in view of the unique circumstances present herein, to wit, the court's direction that a second counsel was to be made available in the event that initial counsel should become incapacitated (*see People v Arroyave*, 49 NY2d 264 [1980]; *People v Grigg*, 299 AD2d 367 [2002]). Contrary to the defendant's contention, he was not deprived of his right to counsel of his choice.

The sentence imposed, as may be administratively recalculated to comply with Penal Law § 70.30 (1) (e) (vi) (*see People v Rose*, 297 AD2d 646 [2002]), was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are either waived or unpreserved for appellate review. Rivera, J.P., Santucci, Krausman and Lifson, JJ., concur.