■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP CAMPBELL, Appellant. [863 NYS2d 827]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered June 6, 2006, convicting him of rape in the first degree, rape in the third degree, and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was not denied his right to be represented by counsel of his own choosing by the trial court's refusal to adjourn the trial. "[A]bsent exigent or compelling circumstances, a court may, in the exercise of its discretion, deny a defendant's request to substitute counsel made on the eve of or during trial, if the defendant has been accorded a reasonable opportunity to retain counsel of his own choosing before that time" (*People v*

*Arroyave*, 49 NY2d 264, 271 [1980]; *see People v Gjelaj*, 46 AD3d 911, 912 [2007]; *People v Goodwine*, 46 AD3d 702 [2007]; *People v Hansen*, 37 AD3d 318 [2007]). Here, the defendant had ample opportunity to retain counsel of his own choosing before that time, and failed to demonstrate that the requested adjournment was necessitated by forces beyond his control and was not a dilatory tactic (*see People v Grigg*, 299 AD2d 367 [2002]; *People v Brown*, 277 AD2d 246 [2000]).

Contrary to the defendant's contention, he was not denied the effective assistance of counsel (*see People v Flores*, 84 NY2d 184, 187 [1994]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant failed to preserve for appellate review his contention that the trial court considered improper factors in imposing sentence (*see People v Harrison*, 82 NY2d 693, 694 [1993]; *People v Gonzalez*, 43 AD3d 827, 828 [2007]; *People v Santos-Mispas*, 38 AD3d 923 [2007]; *People v Leon*, 19 AD3d 509, 510 [2005]). In any event, this contention is without merit, and the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Lifson, J.P., Florio, Eng and Chambers, JJ., concur.