# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1422**
**KA 09-02351**
PRESENT: SCUDDER, P.J., CENTRA, GREEN, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ANTONIO CLARK, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered October 24, 2008. The judgment convicted defendant, upon a jury verdict, of conspiracy in the fourth degree (two counts), burglary in the first degree (five counts), burglary in the second degree, robbery in the first degree (six counts), robbery in the second degree (two counts) and assault in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of burglary in the second degree and dismissing count eight of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, two counts of conspiracy in the fourth degree (Penal Law § 105.10 [1]) and five counts of burglary in the first degree (§ 140.30 [2] - [4]). Defendant contends that the conviction of the two counts of conspiracy in the fourth degree is not supported by legally sufficient evidence because the People failed to establish that he was present when the conspiracy occurred. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant's presence when the agreement was reached "could be readily inferred from the evidence" (*People v Serra*, 293 AD2d 338, *lv denied* 98 NY2d 681; *see People v Smoke*, 43 AD3d 1332, *lv denied* 9 NY3d 1039). Defendant further contends that, by giving a circumstantial evidence charge, County Court improperly permitted the jury to infer that he participated in the conspiracy based merely on his alleged participation in the underlying crimes. Defendant failed to preserve that contention for our review inasmuch as he did not object to the circumstantial evidence charge on that specific ground (*see People v Vassar*, 30 AD3d 1051, *lv denied* 7 NY3d 796). In any event, given that there was no direct proof of defendant's presence when the agreement was reached, we conclude that the circumstantial evidence charge was

proper (*see generally People v Daddona*, 81 NY2d 990, 992).  Further,
viewing the evidence in light of the elements of the crimes as charged
to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject
defendant's further contention that the verdict is against the weight
of the evidence (*see generally Bleakley,* 69 NY2d at 495).

Defendant further contends that the court committed reversible
error by providing the jurors with a written copy of the entire jury
charge both while the court orally delivered the charge and during the
jury's deliberations.  Defendant failed to preserve that contention
for our review (*see People v Williams*, 8 AD3d 963, 964, *lv denied* 3
NY3d 683, *cert denied* 543 US 1070), and we decline to exercise our
power to review that contention as a matter of discretion in the
interest of justice (*see* CPL 470.15 [6] [a]).  Contrary to defendant's
final contention, the sentence is not unduly harsh or severe.
Nevertheless, we note that count eight of the indictment, charging
defendant with burglary in the second degree under Penal Law § 140.25
(2), must be dismissed as a lesser inclusory concurrent count of
counts three through seven, charging defendant with burglary in the
first degree (*see People v Coleman*, 82 AD3d 1593, 1595, *lv denied* 17
NY3d 793; *People v Skinner*, 211 AD2d 979, 980, *lv denied* 86 NY2d 741).
We therefore modify the judgment accordingly.

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court