# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1078

KA 07-01569

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

LUIS A. VELAZQUEZ, JR., DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered June 8, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury trial of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [3]), and two counts of criminal possession of a weapon in the third degree (§ 265.02 [1], [former (4)]). Defendant failed to preserve for our review his contention that County Court erred in submitting to the deliberating jury, upon its request, a written portion of the court's final instructions (*see* CPL 470.05 [2]; *People v Williams*, 8 AD3d 963, 964, *lv denied* 3 NY3d 683, *cert denied* 543 US 1070), and we reject defendant's contention that the court thereby committed a "mode of proceedings error" such that preservation is not required (*see generally People v Becoats*, 17 NY3d 643, 650-651, *cert denied* ___ US ___, 132 S Ct 1970; *People v Mehmedi*, 69 NY2d 759, 760, *rearg denied* 69 NY2d 985).

In any event, we conclude that defendant's contention lacks merit. The jury sent a note to the court requesting "the description of each count and the law that applies to the count." The court discussed the note with counsel outside the presence of the jury, and both defense counsel and the prosecutor consented to the submission, in writing, of the court's "charges on the five indicted counts" should the jury make such a request. After the court clarified the jury's request through the foreperson, the court provided the written

portion of the charge to the jury, with defendant's consent. That was a proper response to the jury's request (*see People v Owens*, 69 NY2d 585, 590-591; *see also People v Martell*, 91 NY2d 782, 785-786; *People v Johnson*, 81 NY2d 980, 981-982).

Defendant further contends that the court erred in failing to poll the jury on the issue whether they wanted the charges orally re-read or submitted to them in writing, rather than relying on the foreperson's statement that the jury preferred to have the charges in writing. Because defendant did not object to the court's reliance on the foreperson's statement or request that the jury be polled, his contention is not preserved for our review (*see* CPL 470.05 [2]). Even if defendant objected, however, we perceive no abuse of discretion by the court in relying upon the foreperson's statement (*see People v Jones*, 52 AD3d 1252, 1252, *lv denied* 11 NY3d 738), inasmuch as the foreperson acts as the "jury's spokesperson" (*People v Burgess*, 280 AD2d 264, 265, *lv denied* 96 NY2d 798). We note that the foreperson's statement that the jury wished to receive the court's charge in writing was made in open court, in the presence of the entire jury, and the record does not reflect that any of the jurors expressed disagreement with the foreperson's statement.

We also reject defendant's contention that the conviction of intentional murder and criminal possession of a weapon in the second degree is not supported by legally sufficient evidence. A conviction is supported by legally sufficient evidence when, viewing the facts in the light most favorable to the People, " 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (*People v Danielson*, 9 NY3d 342, 349; *see generally People v Bleakley*, 69 NY2d 490, 495). A witness who knew defendant testified that she saw him standing over the bleeding victim, gun in hand, almost immediately after the shots were fired. When that witness told defendant that she was going to call the police, defendant pointed the gun at her before he fled. Defendant's subsequent flight to Massachusetts is evidence of consciousness of guilt and further supports the jury's finding of guilt (*see generally People v Yazum*, 13 NY2d 302, 304-305, *rearg denied* 15 NY2d 679). Finally, the fact that the victim was shot in the head, neck and chest, and that several shots were fired from close range, established the intent to kill element of murder in the second degree. We further conclude that, viewing the evidence in light of the elements of the crimes of intentional murder and criminal possession of a weapon in the second degree as charged to the jury (*see Danielson*, 9 NY3d at 349), the verdict is not against the weight of the evidence with respect to those crimes (*see generally Bleakley*, 69 NY2d at 495).

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered:  November 16, 2012                          Frances E. Cafarell
                                                     Clerk of the Court