THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNZEL HOLDER, Appellant. [55 NYS3d 100]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 29, 2014, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

CPL 270.35 (1) provides, in part, that "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict . . . the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case or has engaged in misconduct of a substantial nature, . . . the court must discharge such juror." The "grossly unqualified" standard "is satisfied only when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict" (*People v Buford*, 69 NY2d 290, 298 [1987] [internal quotation marks omitted]). In deciding whether a juror is grossly unqualified, a trial court must question the allegedly unqualified juror in

camera in the presence of counsel and the defendant, who are allowed to ask questions (*see id.* at 299). The "proceeding should be a 'probing and tactful inquiry' into the 'unique facts' of each case, including a careful consideration of the juror's 'answers and demeanor' " (*People v Rodriguez,* 71 NY2d 214, 219 [1988], quoting *People v Buford,* 69 NY2d at 299). "The Trial Judge generally is accorded latitude in making the findings necessary to determine whether a juror is grossly unqualified under CPL 270.35, because that Judge is in the best position to assess partiality in an allegedly biased juror" (*People v Rodriguez,* 71 NY2d at 219). Further, "the determination of the Trial Justice, who is in the best position to assess partiality, is entitled to great deference on appeal" (*People v Bunch,* 278 AD2d 501, 502 [2000]).

In this case, contrary to the defendant's contention, the Supreme Court conducted a sufficiently probing and tactful inquiry of a particular sworn juror, correctly determined that the juror was grossly unqualified to serve, and properly discharged the juror.

The defendant's contention, raised in his pro se supplemental brief, that he was deprived of a fair trial by improper remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rivera,* 130 AD3d 655, 656 [2015]). In any event, most of the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, and constituted fair response to arguments made by defense counsel in summation or fair comment on the evidence (*see People v Halm,* 81 NY2d 819, 821 [1993]; *People v Galloway,* 54 NY2d 396, 399-401 [1981]; *People v Ashwal,* 39 NY2d 105, 109-110 [1976]). To the extent that some of the challenged remarks were improper, any error was not so egregious as to have deprived the defendant of a fair trial (*see People v Barber,* 133 AD3d 868, 871 [2015]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Mastro, J.P., Leventhal, Hall and Sgroi, JJ., concur.