People v George (2020 NY Slip Op 04572)





People v George


2020 NY Slip Op 04572


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-05348
 (Ind. No. 6973/17)

[*1]The People of the State of New York, respondent,
v
Remi George, appellant.


Janet E. Sabel, New York, NY (Ying-Ying Ma of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Ann Bordley of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny Chun, J.), rendered January 17, 2018, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination to deny those branches of the defendant's motion which were to dismiss counts 2 through 6 of a superseding indictment. Contrary to the defendant's contention, under the circumstances of this case, the People were not required to seek leave of court before re-presenting the subject charges to a new grand jury (see CPL 210.35[5]; People v Cade , 74 NY2d 410). "[T]he statutory limitation upon resubmitting a case only once applies to cases in which the Grand Jury or [the] court has rejected the People's evidence" (People v Cade , 74 NY2d at 418). "If the Grand Jury has voted favorably on the charges, the District Attorney is at liberty to resubmit the matter to the same Grand Jury, without the necessity of recalling witnesses who have previously testified and rehearing the evidence, or to an entirely new Grand Jury without court approval and obtain a superseding indictment" (id. at 415 [citation omitted]).
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court