People v Hubert (2021 NY Slip Op 03197)





People v Hubert


2021 NY Slip Op 03197


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2016-12947
 (Ind. No. 264/16)

[*1]The People of the State of New York, respondent,
v
Delano Hubert, appellant.


Paul Skip Laisure, New York, NY (A. Alexander Donn and Nao Terai of counsel), for appellant, and appellant pro se.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William E. Garnett, J.), rendered December 2, 2016, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On September 22, 2014, the defendant shot and killed 20-year-old Cesar Sanchez. After a jury trial, the defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree.
Contrary to the defendant's contention, the People's resubmission of the case to the grand jury on February 3, 2015, was timely (see CPL 210.20[6][b]). Moreover, the People were not required to seek leave of court before resubmitting the case to the grand jury on October 3, 2016 (see CPL 210.35[5]; People v Cade, 74 NY2d 410, 415; People v George, 186 AD3d 728, 728).
The defendant contends that the People failed to disprove his justification defense beyond a reasonable doubt. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (see People v Flores, 165 AD3d 695; People v Simpson, 151 AD3d 762, 762). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and the verdict of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court providently exercised its discretion in limiting defense counsel's jury voir dire on the subject of scientific evidence, as such evidence did not play a significant role [*2]in the case (see CPL 270.15[1][c]; People v Jean, 75 NY2d 744).
Contrary to the defendant's contentions, the Supreme Court did not deprive him of a fair trial when it discharged a juror, following a probing and tactful inquiry, as grossly unqualified (see CPL 270.35; People v Holder, 150 AD3d 886, 887).
The defendant's contention that the prosecutor improperly appealed to the jury's sympathy by eliciting certain testimony from the victim's mother is partially unpreserved for appellate review (see CPL 470.05[2]). In any event, while it was improper for the prosecutor to appeal to the jury's sympathy by eliciting testimony from the victim's mother that, inter alia, the victim was her only child, with whom she stayed in the hospital while he was "dying," and that after the victim's death, she brought the victim's college acceptance letter to his grave (see People v Holiday, 142 AD3d 625, 626), the error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his conviction (see People v Harris, 98 NY2d 452, 491).
Furthermore, as the defendant argues, the Supreme Court erred by admitting into evidence the defendant's video-recorded interview with the police, without redacting certain statements which suggested the defendant's commission of uncharged crimes (People v Watson, 163 AD3d 855, 858-859). In particular, during the interview, the defendant stated "I ain't never shoot nobody for no reason," to which one of the detectives laughed and stated, "you are implying you shot more than one person." Although the court erred in permitting the jury to hear this portion of the interview, the error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to the defendant's conviction (see People v Arafet, 13 NY3d 460, 467-468; People v Watson, 163 AD3d at 859).
Contrary to the defendant's contentions raised in his pro se supplemental brief, he was not deprived of the effective assistance of counsel. Viewing the record in its totality, the defendant was provided with meaningful representation (see People v Benevento, 91 NY2d 708).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
AUSTIN, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court