People v McGhee (2022 NY Slip Op 03253)

People v McGhee

2022 NY Slip Op 03253

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2018-11181
 (Ind. No. 11/18)

[*1]The People of the State of New York, respondent,
v
Christopher McGhee, appellant.

Arza Feldman, Manhasset, NY (Steven A. Feldman of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered August 16, 2018, convicting him of predatory sexual assault against a child, rape in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is only partially preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends that the count of the indictment charging him with rape in the first degree should be deemed dismissed upon his conviction of predatory sexual assault against a child. This contention is without merit. With respect to "inclusory concurrent counts, . . . [a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted" (CPL 300.40[3][b]). "Concurrent counts are 'inclusory' when the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater" (id. § 300.30[4]). "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense'" (id. § 1.20[37]). Here, the defendant was accused of committing predatory sexual assault against a child by subjecting his young daughter to acts constituting "course of sexual conduct against a child in the first degree" between October 2012 and November 2017 (Penal Law §§ 130.96, 130.75[1][b]), and thereafter committing rape in the first degree by engaging in sexual intercourse with the child by forcible compulsion between December 25, 2017, and January 1, 2018 (Penal Law § 130.35[1]). Since these counts relate to different acts [*2]committed by the defendant during entirely different time periods, his conviction of rape in the first degree is not an inclusory concurrent count of the count charging him with predatory sexual assault against a child (see People v Glover, 57 NY2d at 63; see e.g. People v May, 188 AD3d 1309; cf. People v Earl, 133 AD3d 875, 875; People v Scott, 61 AD3d 1348, 1350).
Contrary to the defendant's contention, his request for an adjournment to retain private counsel was properly denied. "[A]bsent exigent or compelling circumstances, a court may, in the exercise of its discretion, deny a defendant's request to substitute counsel made on the eve of or during trial if the defendant has been accorded a reasonable opportunity to retain counsel of his own choosing before that time" (People v Arroyave, 49 NY2d 264, 271; see People v Wesley, 134 AD3d 964; People v Campbell, 54 AD3d 959). Here, the defendant's request for an adjournment was made on the eve of trial, and more than two months after the date for trial had been set. Accordingly, the defendant had a reasonable opportunity to retain counsel of his own choosing before requesting an adjournment for that purpose (see People v Campbell, 54 AD3d 959; People v Goodwine, 46 AD3d 702; People v Persad, 306 AD2d 359). Moreover, there were no "exigent or compelling circumstances" warranting an adjournment (People v Arroyave, 49 NY2d at 271).
Contrary to the defendant's contention, the County Court properly restricted cross-examination of the victim concerning an alleged prior sexual misconduct allegation. The defendant failed to demonstrate that the prior complaint "may have been false or that [it was] suggestive of a pattern casting doubt on the validity of the instant charges" (People v Halmond, 52 AD3d 1278, 1279; see People v Mann, 41 AD3d 977; People v Lippert, 138 AD2d 770).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court