People v Serra (2023 NY Slip Op 03483)

People v Serra

2023 NY Slip Op 03483

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2018-12530
 (Ind. No. 10115/16)

[*1]The People of the State of New York, respondent,
v
Victorino Serra, appellant.

Patricia Pazner, New York, NY (Melissa S. Horlick of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, and Jason Eldridge of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered September 12, 2018, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree based upon his conduct of stabbing the victim in the chest and causing his death.
The defendant's contention that the evidence was legally insufficient to establish his intent to kill the victim is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the evidence here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The defendant's homicidal intent could be inferred from, among other things, evidence of the nature and location of the stab wound he inflicted upon the victim, as well as the defendant's conduct of following the victim while holding his knife until the victim fell to the ground (see People v Moore, 118 AD3d 916, 917; People v Tigner, 51 AD3d 1045).
The defendant's contention that the prosecutor improperly appealed to the jury's sympathy by eliciting certain testimony from the victim's stepdaughter and father, and by making certain statements during summation, is partially unpreserved for appellate review (see CPL 470.05[2]; People v Hubert, 194 AD3d 959, 961). In any event, portions of the challenged testimony [*2]and summation comments were relevant to the defendant's justification defense, and, contrary to the defendant's contention, any improperly admitted testimony or comments did not cumulatively serve to deprive the defendant of a fair trial (see People v Hernandez, 166 AD3d 647, 649; People v Cherry, 163 AD3d 706, 707).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions raised in his pro se supplemental brief are either without merit or do not require reversal.
IANNACCI, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court