People v Streat (2023 NY Slip Op 05625)

People v Streat

2023 NY Slip Op 05625

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2017-00514
 (Ind. No. 540/16)

[*1]The People of the State of New York, respondent,
v
Malik Streat, appellant.

Patricia Pazner, New York, NY (Melissa S. Horlick of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alexander Jeong, J.), rendered November 21, 2016, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, inter alia, of murder in the second degree based upon his conduct of shooting the victim in the head and causing his death.
The defendant's contention that the evidence was legally insufficient to establish his intent to kill the victim is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Torres, 177 AD3d 579, 580). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Laufer, 187 AD3d 1052, 1053; People v Velazquez, 100 AD3d 1504, 1506). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Serra, 217 AD3d 971, 971).
Contrary to the defendant's contention, the Supreme Court properly denied his request for an adjournment to retain private counsel, as it was made on the eve of trial and he had had a reasonable opportunity to retain counsel of his own choosing before requesting an adjournment for that purpose (see People v Arroyave, 49 NY2d 264, 271-272; People v McGhee, 205 AD3d 930, 931; People v Campbell, 54 AD3d 959). Moreover, there were no "exigent or compelling circumstances" warranting an adjournment (People v Arroyave, 49 NY2d at 271).
The defendant's challenge to the admission into evidence of a photograph depicting, [*2]inter alia, a pool of blood from the decedent is without merit. The photograph was probative of essential elements of the count of murder in the second degree, including intent (see People v Stevens, 76 NY2d 833; People v Pope, 253 AD2d 443).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court