People v Harris (2025 NY Slip Op 00331)

People v Harris

2025 NY Slip Op 00331

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2018-02021
 (Ind. No. 7169/15)

[*1]The People of the State of New York, respondent,
v
Jerrol Harris, appellant.

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Isaac Rounseville of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), rendered December 1, 2017, convicting him of attempted assault in the first degree, attempted aggravated assault upon a police officer (two counts), menacing of a police officer or peace officer (two counts), reckless endangerment in the first degree, and criminal possession of a weapon in a second degree (two counts), upon a jury verdict, and imposing sentence upon his adjudication as a second felony offender.
ORDERED that the judgment is modified, on the law, by vacating the defendant's adjudication as a second felony offender and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
For his act of repeatedly firing his weapon at police officers as he fled the scene of a reported shooting, the defendant was convicted of attempted aggravated assault upon a police officer, criminal possession of a weapon, and other crimes.
Contrary to the defendant's contention, the Supreme Court properly denied his request for an adjournment to retain private counsel, as it was made on the eve of trial and the defendant had a reasonable opportunity to retain counsel of his own choosing before requesting an adjournment for that purpose (see People v Arroyave, 49 NY2d 264, 271-272; People v Streat, 221 AD3d 734, 735; People v McGhee, 205 AD3d 930, 931). Moreover, there were no "exigent or compelling circumstances" warranting an adjournment (People v Arroyave, 49 NY2d at 271).
The defendant's contention that the final jury instructions given by the Supreme Court failed to properly inform the jury as to the defendant's presumption of innocence and the People's burden of proof, and deprived him of a fair trial, is unpreserved for appellate review, as no such objection was made at trial (see CPL 470.05[2]; People v James, 35 AD3d 762). In any event, the contention is without merit, since, in the context of the jury instructions in their entirety, there is no basis for concluding that either the proper burden of proof upon the People or the defendant's presumption of innocence was undermined or less than adequately conveyed overall (see People v Slacks, 90 NY2d 850, 851; People v Simms, 178 AD3d 963, 964-965). Moreover, since the proof [*2]of the defendant's guilt was overwhelming, and there was no reasonable possibility that the purported error in the charge might have contributed to the defendant's conviction as, among other things, the court gave a strong and unequivocal instruction regarding the People's burden of proof, any error in the court's charge with regard to the presumption of innocence was harmless beyond a reasonable doubt (see People v Reid, 291 AD2d 416; People v Creech, 101 AD2d 753, 754).
The defendant also contends that his adjudication as a second felony offender was illegal because the predicate Louisiana offense was not a felony under New York law. "Penal Law § 70.06 requires the imposition of enhanced sentences for those found to be predicate felons" (People v Muniz, 74 NY2d 464, 467; see People v Vasquez, 173 AD3d 1073, 1074). An out-of-state felony conviction qualifies as a predicate felony under Penal Law § 70.06 only if it is for a crime whose elements are equivalent to those of a felony in New York (see People v Yusuf, 19 NY3d 314, 321; People v Muniz, 74 NY2d at 467; People v Boston, 79 AD3d 1140). Here, as conceded by the People, the defendant's Louisiana conviction of simple robbery did not constitute a felony in New York for the purpose of enhanced sentencing and thus, the defendant should not have been adjudicated a second felony offender on the basis of that conviction (see People v Boston, 79 AD3d at 1141; see also Penal Law §§ 70.06[1][b][i]; 160.00; La Stat Ann § 14:65[A]; People v Muniz, 74 NY2d at 469; People v Vasquez, 173 AD3d 1073).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., GENOVESI, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court